*United States v. Chastain*, No. 23-7038

JOSÉ A. CABRANES, Circuit Judge, concurring in part and dissenting in part:

I concur with my colleagues in "identify[ing] no abuse of discretion in the evidentiary rulings that Chastain challenges."[1] But I respectfully depart from the conclusion that the District Court's jury instructions were erroneous. To the contrary, the instructions in question both provided the jury with "the correct legal standard" and "adequately inform[ed] the jury on the law."[2] Accordingly, I would affirm the District Court's judgment of conviction for wire fraud and money laundering.

My colleagues begin by holding that the District Court's instruction on the property element of wire fraud was in error. In the process, they devise a new requirement that must be satisfied before confidential business information can be deemed property under 18 U.S.C. § 1343: a separate showing by the Government that the information possesses commercial value. This novel addition to our law ignores unambiguous and binding Second Circuit and Supreme Court precedents which hold that confidential business information, standing alone and without any separate showing of commercial value, is properly considered property for the purposes of the wire fraud statute.

In *Carpenter v. United States*, the Supreme Court held:

Petitioners cannot successfully contend based on *Associated Press* that a scheme to defraud requires a monetary loss, such as giving the information to a competitor; *it is sufficient* that the [Wall Street] Journal has been deprived of its right to exclusive use of the information, for exclusivity is an important

---

[1] Majority Opinion at 13.

[2] *United States v. Roy*, 783 F.3d 418, 420 (2d Cir. 2015) (quoting *United States v. Naiman*, 211 F.3d 40, 51 (2d Cir. 2000)).

aspect of confidential business information and most private property for that matter.[3]

This holding has dual significance. First, it establishes a sufficient condition—the company's possession of a right to the information's exclusive use—that, if satisfied, qualifies an identifiable item of confidential business information as property under 18 U.S.C. § 1343.[4] Indeed, the Court's holding in *Carpenter* places beyond cavil the basic rule that a company's exclusive right to confidential business information is the be-all and end-all for determining whether that information is property under the federal wire fraud statute. An evaluation of that information's commercial value is beside the point.[5] Relevant to the instant case, the *Carpenter* Court's rule was fully captured in the District Court's entirely proper jury instruction.[6]

---

[3] *Carpenter v. United States*, 484 U.S. 19, 26-27 (1987) (emphasis added).

[4] The presence and formulation of this sufficient condition renders the majority's statement that "[n]either the Supreme Court nor our court has held that confidential information that lacks commercial value will qualify as property under the wire fraud statute" uncertain at best. Majority Opinion at 14. Because exclusive use is a sufficient condition, the Supreme Court is holding one of two things: either confidential business information need not have commercial value to qualify as property under the wire fraud statute, or confidential business information is, by definition, commercially valuable. Neither reading supports the need to ask a jury to find commercial value separate and apart from finding exclusive use of confidential business information, as the latter would ineluctably entail the former.

[5] That said, evidence concerning the commercial value of confidential business information is still potentially admissible and relevant. As the District Court correctly instructed the jury, "[y]ou may also consider whether the information had economic value to the employer, but the government is not required to prove that the information had such value." App'x 413.

[6] App'x 412 ("Information is confidential business information if it was acquired or created by a business for a business purpose, and the business both considered and treated that information in a way that maintained the company's exclusive right to that information.").

Second, *Carpenter* grounds that sufficient condition in a "traditional property interest."[7] It observes that exclusivity is an important aspect of not only "confidential business information," but also "most private property."[8] Accordingly, the sufficient condition recognized in *Carpenter* (1987) satisfies the Supreme Court's more recent holding in *Ciminelli v. United States* (2023) that "the wire fraud statute reaches only traditional property interests."[9] The *Ciminelli* Court itself went so far as to cite *Carpenter* to support the proposition that, to constitute property under 18 U.S.C. § 1343, an interest must have "'long been recognized as property' when the wire fraud statute was enacted."[10] Guided by these teachings, I see no basis in the law to conclude that *Carpenter*'s holding is inapplicable in light of *Ciminelli*'s "traditional property interest" language, or to bootstrap a new requirement onto *Carpenter*'s holding that the *Ciminelli* Court itself did not come close to speculating upon when it invoked *Carpenter*.[11]

Bound thus as we are by Supreme Court precedent, we should reject Chastain's challenge to the absence of a "commercial value" requirement in the District Court's jury instruction on the property element of wire fraud. We are also bound by our own precedent which, it bears noting, dictates the exact same result. In *United States v. Grossman*, we rejected the assertion that the Supreme Court's opinion in *Carpenter* stood for the proposition that commercial value is a prerequisite for finding that confidential business information is property.[12] We held that "*Carpenter* actually holds generally that, even though 'confidential business information' is intangible, it 'has long been recognized as property.'"[13] In

---

[7] *See Ciminelli v. United States*, 598 U.S. 306, 316 (2023).

[8] *Carpenter*, 484 U.S. at 27.

[9] *Ciminelli*, 598 U.S. at 316.

[10] *Id.* at 314 (quoting *Carpenter*, 484 U.S. at 26).

[11] Majority Opinion at 14, 17 n.3.

[12] *United States v. Grossman*, 843 F.2d 78 (2d Cir. 1988).

[13] *Id.* at 86 (quoting *Carpenter*, 484 U.S. at 26).

so doing, we recognized that the confidential business information at issue in *Grossman* was property *independently* of whether or not it was separately shown to be commercially valuable.[14]

Since then, we have not deviated from the principle we espoused in *Grossman* that confidential business information—without more—is property under the federal wire fraud statute.[15] Nor has *Grossman* been "rejected by a later Supreme Court decision."[16] The holding in *Grossman* (1988) is derived from *Carpenter* (1987), which the later Supreme Court decision in *Ciminelli* (2023) (and, for that matter, the Court's even more recent decision in *Kousisis v. United States* (2025)) *endorsed*.[17] It follows that under both our precedent and Supreme Court precedent, it was not erroneous (and was, instead, correct) for the District Court to exclude a "commercial value" requirement for confidential business information in its jury instructions for the property element of wire fraud.

Nor was there error in the District Court's instruction that the jury could "find the existence of a scheme to defraud if [it] find[s] that the conduct of the defendant was deceptive or if [it] find[s] that the defendant conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general and business life of society."[18] We have consistently defined fraud in

---

[14] *Id.*

[15] While we discussed confidential information in *United States v. Blaszczak*, that was confidential *government* information and not confidential business information, and nowhere in *Blaszczak* did we overturn—or even note—our holding in *Grossman* that confidential business information is property under the federal wire fraud statute. *See United States v. Blaszczak*, 56 F.4th 230 (2d Cir. 2022). Accordingly, *Grossman*'s holding stands.

[16] *Monsanto v. United States*, 348 F.3d 345, 351 (2d Cir. 2003).

[17] *See Ciminelli v. United States*, 598 U.S. 306, 314 (2023); *Kousisis v. United States*, 145 S. Ct. 1382, 1396-97 (2025) (holding that a "fraud conviction [does not] depend[] on economic loss" but that, instead, "it [i]s sufficient" that the company "'ha[s] been deprived of its right to exclusive use' of its proprietary information" (quoting *Carpenter*, 484 U.S. at 26)).

[18] App'x 411.

substantially similar terms.[19] Moreover, we have recognized that jury instructions are to be "taken as a whole."[20] The challenged instruction came shortly after the District Court's charge that the jury was required to find "that there was a scheme or artifice to defraud OpenSea of its property."[21] We are not here dealing with an instruction classifying "a federal, common-law fiduciary duty."[22] Rather, this instruction concerns the federal statutory crime of misappropriating property. Indeed, the District Court immediately followed up the jury instruction in question by stating: "As is pertinent here, the alleged scheme to defraud is fraudulently embezzling or fraudulently misappropriating property belonging to another."[23] Taken as a whole, this is clearly an appropriate jury instruction that is free of error.

In sum: I concur with the majority opinion in part, dissent from the majority opinion in part, and therefore would vote to affirm the judgment of the District Court in full.

---

[19] *See, e.g., United States v. Gatto*, 986 F.3d 104, 130 (2d Cir. 2021) (defining fraud to involve "a departure from fundamental honesty, moral uprightness, or fair play" (quoting *United States v. Ragosta*, 970 F.2d 1085, 1090 (2d Cir. 1992)); *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (noting that a scheme to defraud "is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general and business life of members of society" (quoting *United States v. Trapilo*, 130 F.3d 547, 550 n.3 (2d Cir. 1997) (alterations adopted)).

[20] *Boyce v. Soundview Technology Group, Inc.*, 464 F.3d 376, 390 (2d Cir. 2006) (quoting *Parker v. Sony Pictures Entertainment, Inc.*, 260 F.3d 100, 106-07 (2d Cir. 2001) (alterations adopted)).

[21] App'x 411.

[22] Majority Opinion at 21 (quoting Justice Scalia's concurrence in *Skilling v. United States*, 561 U.S. 358, 416-18 (2010)).

[23] App'x 411.